UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, By and Through Its Board of Trustees, <br><br> and <br><br> LIUNA NATIONAL (INDUSTRIAL) PENSION FUND, By and Through Its Board of Trustees, <br><br> and <br><br> RAILROAD TRAINING AND EDUCATION, Fund By and Through Its Board of Trustees, <br><br> and <br><br> RAILROAD COOPERATION AND EDUCATION TRUST FUND, By and Through Its Board of Trustees, <br><br> and <br><br> RAILROAD CONSTRUCTION AND MAINTENANCE INDUSTRY ADVANCEMENT FUND, <br><br>     Plaintiffs, <br><br> v. <br><br> J & J TRACK CONSTRUCTION, INC., <br><br>     Defendant. | Cause No.  19-3302 |

# COMPLAINT

COME NOW Plaintiffs, Railroad Maintenance and Industrial Health and Welfare Fund; LIUNA National (Industrial) Pension Fund; Railroad Training and Education Fund; Railroad Cooperation and Education Trust Fund; and Railroad Construction and Maintenance Industry Advancement Fund, by undersigned Counsel, and states as follows for their Complaint against Defendant, J & J Track Construction, Inc.:

## Parties

1. Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund ("Welfare Fund") is an employee welfare benefit plan, a welfare plan, employee benefit plan and a plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. Plaintiff LIUNA National (Industrial) Pension Fund ("Pension Fund") is an employee pension benefit plan, a pension plan, employee benefit plan and a plan within the meaning of section 3(2)(A) and (3) of ERISA, 29 U.S.C. § 1002(2)(A), (3). Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35). Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3. Railroad Training and Education Fund ("Training Fund") is an employee welfare benefit plan, a welfare plan, employee benefit plan and a plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Training Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. Railroad Cooperation and Education Trust Fund (RAILCET) and Railroad Construction and Maintenance Industry Advancement Fund ("Industry Fund") are joint labor-management cooperation organizations, or committees within the meaning of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185, et seq., and/or collectively-bargained funds.

5. Welfare Fund is the duly designated collection agent on behalf of Pension Fund, Training Fund, RAILCET and Industry Fund.

6. Contributions to Plaintiff Funds are received an processed at Springfield, Sangamon County, Illinois.

7. Defendant J & J Track Construction, Inc. ("Defendant," or "J & J Track Construction") is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

8. J & J Track Construction' principal office is located in Rapids City, Rock Island County, Illinois.

## Jurisdiction and Venue

9.  This Court has jurisdiction over Welfare Fund's claims by virtue of §§ 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

10. This Court has personal jurisdiction over J & J Track Construction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e).

11. Venue is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## Facts Common To All Counts

12. J & J Track Construction is, and at all relevant times has been, signatory to the National Railroad Agreement (Rail Transportation and Operation Agreement) Between the National Railroad Construction and Maintenance Association, Inc. and Laborers' International Union of North America and LIUNA Local Union 773 [and] International Union of Operating Engineers, AFL-CIO and IUOE Local Union 150 ("Agreement").  *See*, **Exhibit A**.

13. Pursuant to the Agreement, J & J Track Construction "agrees to make payments to and be bound by the Trust Agreement of the Railroad Maintenance and Industrial Health and Welfare Fund, including any amendments or changes thereto…"  *See*, **Exhibit A**, Art. 26, § 1.A; *see also*, **Exhibit A**, Art. 26, § 8.

14. Pursuant to the Agreement, J & J Track Construction "agrees to make payments to and be bound by the Trust Agreement of the National (Industrial) Pension Fund, including any amendments or changes thereto…"  *See*, **Exhibit A**, Art. 26, § 2.B; *see also*, **Exhibit A**, Art. 26, § 8.

15. Pursuant to the Agreement, J & J Track Construction agrees to "… accept the terms and conditions of the Agreement and Declaration of Trust of the Railroad Training and Education Fund… [and agrees] Employer contributions in the applicable hourly amount stated in Article 26,

including overtime hours, for actual time worked by an employee covered by this Agreement, in addition to wages, shall be made for the Training Fund." *See*, **Exhibit A**, Art. 26, § 3; *see also*, **Exhibit A**, Art. 26, § 8.

16. Pursuant to the Agreement, J & J Track Construction, agrees to "… accept the terms and conditions of the Agreement and Declaration of Railroad Cooperation and Education Trust Fund (RAILCET)… [and agrees] Employer contributions in the applicable hourly amount stated in Article 26, including overtime hours, for actual time worked by an employee covered by this Agreement, in addition to wages, shall be made for RAILCET." *See*, **Exhibit A**, Art. 25; *see also*, **Exhibit A**, Art. 26, §§ 4, 8.

17. Pursuant to the Agreement, J & Track Construction agreed to "…make contributions for the Industry Advancement Fund in the hourly amount stated in Article 26 including overtime hours, for actual time worked by an employee covered by this Agreement, in addition to wages." *See*, **Exhibit A**, Art. 26, § 5.

18. J & J Track Construction agreed "…to permit an accountant of the Funds to examine payrolls and Social Security reports on demand to determine the amounts due the Funds at the orders of the Executive Committee of the Funds…" *See*, **Exhibit A**, Art. 26, § 6.E.

19. J & J Track Construction agreed to make payments to the Funds "…no later than the fifteenth (15th) day of the month following the month in which the payments are required." *See*, **Exhibit A**, Art. 26, § 6.F.

20. Pursuant to the Agreement, Participation Agreement, Declarations of Trust establishing Plaintiff Funds, and ERISA, in the event J & J Track Construction fails to make timely payments of contributions, J & J Track Construction shall be liable for all such contributions, interest and liquidated damages.

21. In the event of litigation to collect delinquent contributions, the Agreement, Participation Agreement, Declarations of Trust, and ERISA provide J & J Track Construction shall be liable for attorneys' fees and costs, including audit costs.

22. J & J Track Construction is further signatory to and bound by a Participation Agreement ("Participation Agreement") with Welfare Fund, Pension Fund, Training Fund, and Industry Fund. *See*, **Exhibit B**.

23. By its terms, the Participation Agreement "constitutes the detailed written agreement required by Section 302(c) of the Labor-Management Relations Act of [1947], as amended, to permit the Trustees to receive and the employer to pay contributions" to said funds. *See*, **Exhibit B**.

24. Pursuant to the Participation Agreement, J & J Track Construction agreed "to pay to the Funds, for each eligible employee… an amount equal to the amounts currently in effect and for such amounts as may be amended from time to time…" *See*, **Exhibit B**, ¶ 1.

25. J & J Track Construction further "adopts and agrees to be bound by all the terms and provisions of the Agreement and Declaration of Trust creating the Funds… as fully as if the employer were an original party thereto…" J & J Track Construction further "…designates as its representatives on the Board of Trustees of the Funds the employer trustees named in said Trust Agreement, together with their successor[s]…" J & J Track Construction "…agrees to be bound by and to ratify all actions take by said trustees pursuant to the powers granted them by the Trust Agreement." *See*, **Exhibit B**, ¶ 2.

26. J & J Track Construction "…agrees that payment shall be made in the mode and place required by the collective bargaining agreement, trust agreement or plan." *See*, **Exhibit B**, ¶ 3.

6

27.     J & J Track Construction agreed the "…Participation Agreement shall be sufficient contract between the parties." *See*, **Exhibit B**, ¶ 4.

28.     J & J Track Construction employs, employed and at all relevant times to Plaintiff Funds' Complaint has employed, individuals who are members of the bargaining unit represented by Union.

29.     Said individuals are participants in, or beneficiaries of, Plaintiff Funds.

30.     By employing these individuals, J & J Track Construction is, was and has been required by the Agreement, Participation Agreement, Declarations of Trust, and ERISA to submit reports and to pay contributions to Plaintiff Funds on behalf of its eligible employees.

31.     J & J Track Construction submitted reports and paid contributions to Welfare Fund at times relevant to this *Complaint*.

## COUNT I

## (AUDIT LIABILITY DUE)

COME NOW Plaintiffs Railroad Maintenance and Industrial Health and Welfare Fund; LIUNA National (Industrial) Pension Fund; Railroad Training and Education Fund; Railroad Cooperation and Education Trust Fund; and Railroad Construction and Maintenance Industry Advancement Fund, by undersigned Counsel, and for Count I of their Complaint against Defendant J & J Track Construction, Inc., state as follows:

Plaintiff Funds restate and reincorporate paragraphs 1 through 31 as if fully set forth herein.

32.     During 2019, Plaintiff Funds determined to conduct a payroll examination audit ("Audit") of J & J Track Construction for the period of January 1, 2013 to May 31, 2018 in order

to determine J & J Track Construction' compliance with its fringe benefit reporting and payment obligations.  *See*, **Exhibit C**.

33. The Audit resulted in a finding of contributions due to Plaintiff Funds in the amount of $15,401.46 ("Delinquency").

34. Plaintiff Funds are entitled to an award of $15,401.46.

35. As a result of incurring the Delinquency, Plaintiff Funds are entitled to late fees, penalties and interest in the amount of at least $2,842.72, or a different and greater amount to be proven at trial.

36. Plaintiff Funds are further entitled to audit costs in the amount of $1,003.55.

37. Plaintiff Funds are entitled to an award of their attorneys' fees and costs, in an amount to be proven at trial.

38. Demand was made upon J & J Track Construction for payment of the foregoing amounts, but J & J Track Construction failed and refused to pay.  *See*, **Exhibits D, E** and **F**.

39. J & J Track Construction has unreasonably failed and refused to respond, or to pay any of the amounts due.

40. As a result of J & J Track Construction' actions, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs Railroad Maintenance and Industrial Health and Welfare Fund; LIUNA National (Industrial) Pension Fund; Railroad Training and Education Fund; Railroad Cooperation and Education Trust Fund; and Railroad Construction and Maintenance Industry Advancement Fund respectfully pray that the Court:

    (a) Enter Judgment for Plaintiff Funds and against J & J Track Construction, Inc.;

    (b) Enter an Order awarding Plaintiff Funds $15,401.46 in delinquent fringe benefit contributions;

 (c) Enter an Order awarding Plaintiff Funds late fees, penalties and interest in the amount of $2,842.72, or a different and greater amount to be proven at trial;

 (d) Enter an Order awarding Plaintiff Funds $1,003.55 in audit costs;

 (e) Enter an Order awarding Plaintiff Funds their attorneys' fees and costs, including audit costs, in an amount to be proven at trial;

 (f) Enter an Order awarding Plaintiff Funds appropriate post-judgment interest; and

 (g) Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

### (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

COME NOW Plaintiffs Railroad Maintenance and Industrial Health and Welfare Fund; LIUNA National (Industrial) Pension Fund; Railroad Training and Education Fund; Railroad Cooperation and Education Trust Fund; and Railroad Construction and Maintenance Industry Advancement Fund, by undersigned Counsel, and for Count II of their Complaint against Defendant J & J Track Construction, Inc., state as follows:

 41. Plaintiff restates and reincorporates paragraphs 1 through 31 and 32 through 40 of Count I as if fully set forth herein.

 42. In addition to the audit liability constituting Count I, J & J Track Construction has failed to report and pay all contributions due to Plaintiff Funds.

 43. As a result of J & J Track Construction's failure to report, Plaintiff Funds do not know and cannot know what amount of contributions is due for said months and cannot properly credit participants.

 44. As a result of J & J Track Construction's failure to report and pay required contributions, J & J Track Construction's employees eventually stand to lose healthcare coverage

and otherwise be negatively and adversely impacted, unless J & J Track Construction is ordered to report and pay all outstanding contributions.

45.     Plaintiff Funds lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless J & J Track Construction is ordered to comply with its contractual obligations and to submit outstanding remittance reports and required payments.

46.     Pursuant to ERISA, the Participation Agreement, the Trust Agreement establishing Welfare Fund, the CBA and the policies adopted by the Trustees to which J & J Track Construction agreed to be bound, in addition to contributions due, Plaintiff Funds are entitled to late charges and penalties, Liquidated Damages and interest.

47.     Pursuant to ERISA, the Participation Agreement, the Trust Agreement establishing Welfare Fund, the CBA and the policies adopted by the Trustees to which J & J Track Construction agreed to be bound, Plaintiff Funds are entitled to an award of its attorneys' fees and costs.

48.     As a result of J & J Track Construction's actions complained of herein, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs Railroad Maintenance and Industrial Health and Welfare Fund; LIUNA National (Industrial) Pension Fund; Railroad Training and Education Fund; Railroad Cooperation and Education Trust Fund; and Railroad Construction and Maintenance Industry Advancement Fund respectfully pray that the Court:

    (a)    Enter Judgment for Plaintiff Funds and against J & J Track Construction, Inc.;

    (b)    Enter Orders for temporary, preliminary and permanent injunctive relief that J & J Track Construction submit all outstanding reports;

    (c)    Enter an Order awarding Plaintiff Funds all contributions due as reflected in such reports;

(d)     Enter an Order awarding Plaintiff Funds late charges and penalties, Liquidated Damages and interest, in an amount to be proven at trial;

(e)     Enter an Order that J & J Track Construction comply with all of its obligations pursuant to the Agreement and Trust Agreement and timely report and pay contributions going forward;

(f)     Enter an Order awarding Plaintiff Funds their attorneys' fees and costs in an amount to be proven at trial;

(g)     Enter an Order awarding Plaintiff Funds appropriate post-judgment interest; and

(h)     Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL 62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys for Plaintiff